Citation Nr: 1415849
Decision Date: 03/20/14 Archive Date: 04/18/14

DOCKET NO. 10-39 546 ) DATE MAR 20 2014
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to an effective date earlier than July 29, 2008, for the grant of a 20 percent disability rating for chronic lumbar strain. 

2. Entitlement to a compensable rating for tinea pedis, bilateral feet and onychomycosis of all toenails, to include entitlement to separate compensable ratings.

3. Whether new and material evidence has been received to reopen the claim of service connection for residuals, bilateral pes planus.

4. Entitlement to service connection for chronic hypertension.

5. Entitlement to service connection for residuals, right arm condition.

6. Entitlement to service connection for residuals, conjunctivitis, left eye.

7. Entitlement to service connection for residuals, rash of right upper thigh and leg. 

REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

M.W. Kreindler


INTRODUCTION

The Veteran served on active duty from October 1992 to November 1998.

These matters come to the Board of Veterans’ Appeals (Board) from a January 2009 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO), which granted a 20 percent rating for chronic lumbar strain, effective July 29, 2009; denied entitlement to a compensable rating for mild tinea pedis, bilateral feet and onychomycosis of all toenails; denied entitlement to service connection for hypertension, right arm condition, left eye condition, and rash of right upper thigh and leg; and, determined that new and material evidence had not been received to reopen the claim of service connection for residuals, bilateral pes planus. In March 2009, the Veteran expressed disagreement with the effective date assigned to 20 percent rating for chronic lumbar strain; the denial of an increased rating for mild tinea pedis, bilateral feet and onychomycosis; the denials of service connection; and, the determination that new and material evidence had not been received to reopen the claim of service connection for residuals, bilateral pes planus.

In his substantive appeal the Veteran made a motion for the Board to advance the case on its docket. He has not alleged any of the factors that would permit advancement on the Board docket. His motion is; therefore denied. 38 C.F.R. § 20.900(c) (2013).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the Veteran if further action is required.


REMAND

In his substantive appeal, the Veteran reported longstanding treatment at a VA community based outpatient clinic (CBOC). He submitted VA treatment reports dated in February and March 2010; however, no other VA treatment records have been associated with the claims folder. VA has a duty to obtain all records of relevant VA treatment. Bell v. Derwinski, 2 Vet. App. 611 (1992).

Service treatment records show a rash on the Veteran’s upper right thigh, conjunctivitis of the left eye; and right arm paind. There is competent evidence of current skin, left eye, and right arm disability. He has indicated ongoing symptoms. Examinations are needed to determine whether there are current disabilities related to service.

The Veteran has alleged that tinea pedis has worsened since the most recent examination in October 2008. He is entitled to a new examination. See Snuffer v. Gober, 10 Vet. App. 400 (1997). 

Accordingly, the case is REMANDED for the following actions:

1. Obtain all records of the Veteran’s VA treatment for the conditions at issue in this appeal.

2. AFTER all outstanding treatment records have been associated with the claims folder, schedule the Veteran for a VA eye examination to determine whther any current eye disability is related to service. 

The examiner should review the claims folder. 

The examiner should answer the following questions:

(a) Does the Veteran have an current acquired left eye disability, to include chronic conjunctivitis? 

(b) If so, is it is at least as likely as not (50 percent or greater probability) that the left eye disability is due to service or any incident therein?

The examiner must provide reasons for each opinion. If the examiner is unable to provide an opinion without resort to speculation, he or she should explain why this is so and what, if any, additional evidence would be necessary before an opinion could be rendered.

The examiner is advised that the Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinions.

If the examiner rejects the Veteran’s reports, the examiner must provide a reason for doing so.

4. AFTER all outstanding treatment records have been associated with the claims folder, schedule the Veteran for a VA examination to determine whether any current right arm disability is related to service. 

The examiner should review the claims folder. 

The examiner should answer the following questions as definitively as possible:

(a) Does the Veteran have a current right arm disability? 

(b) If so, is it at least as likely as not (50 percent or greater probability) that a right arm disability is due to service or any incident therein?

The examiner must provide reasons for each opinion. If the examiner is unable to provide an opinion without resort to speculation, he or she should explain why this is so and what, if any, additional evidence would be necessary before an opinion could be rendered.

The examiner is advised that the Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinions.

If the examiner rejects the Veteran’s reports, the examiner must provide a reason for doing so.

5. AFTER all outstanding treatment records have been associated with the claims folder, schedule the Veteran for an examination to determine whether a current right thigh rash is related to service; and the severity of tinea pedis and onychomycosis. 

The examiner should review the claims folder. 

With regard to the skin rash claim:

(a) Please state whether the Veteran has a skin disability. Consideration should be given to prior diagnoses reflected in the service treatment and post-service treatment records.

(b) Please opine whether it is at least as likely as not (50 percent or greater probability) that a skin disability affecting the right thigh is due to service or any incident therein?

(c) With regard to his tinea pedis and onychomycosis, please state the total body area involved, as well as the amount of exposed area affected by the disorder and any treatment or therapy required, along with the duration of such treatment/therapy.

The examiner is advised that the Veteran is competent to describe the frequency and severity of his symptoms.

6. If any issue on appeal is not granted in full, issue a supplemental statement of the case. The case should then be returned to the Board, if otherwise in order.

The Veteran and his representative have the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans’ Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).

_________________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans’ Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans’ Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).